FAIR, J., FOR THE COURT:
¶ 1. Keesler Federal Credit Union appeals from a default judgment obtained against Billy Saucier stemming from two promissory notes. Keesler Federal contends that the circuit court should have required Saucier to pay its attorney's fees for collecting on the second contract. That point is well taken. We remand for the circuit court to reconsider the attorney's fees award in light of our decision. Otherwise, we affirm.
DISCUSSION
¶ 2. Keesler Federal sued on two promissory notes from Saucier. The first had been secured by a vehicle; the second was a personal loan. The deficiency following the sale of the vehicle was approximately $5,200, and the second loan had an outstanding principal balance of about $3,275. On the first loan, Keesler Federal requested and received attorney's fees at the maximum rate allowed under the contract, 15% of the outstanding principal, but the circuit court denied Keesler Federal's demand for attorney's fees on the second loan. Accumulated interest, late fees, and court costs were requested and awarded, also, though no post-judgment interest was added to those awards.
1. Attorney's Fees on the Second Contract
¶ 3. The circuit court's judgment stated that attorney's fees were not awarded on the second contract because "there is [no] contract provision ... concerning attorney's fees." On appeal, Keesler Federal points to a provision on the second page of the contract, which appears by itself near the center of the page and is set off by white space and horizontal lines that run the full width of the page. It states:
Collection Costs:
You agree to pay all costs of collecting the amount you owe under this Agreement, including court costs and reasonable attorney's fees.
¶ 4. Contract construction is reviewed de novo. See, e.g. , Epperson v. SOUTHBank , 93 So.3d 10, 16 (¶ 16) (Miss. 2012). We conclude that the contract unambiguously provides for reasonable attorney's fees and that the circuit court erred in finding otherwise. On this point, we reverse the judgment and remand for the circuit court to reconsider the demand for attorney's fees in light of our decision.
2. Interest on Attorney's Fees, Costs, Accumulated Interest, and Late Fees
¶ 5. Finally, Keesler Federal contends that the circuit court was required to award post-judgment interest at the contract *922 rate on the awards of attorney's fees, court costs, accumulated interest, and late fees. It points to Mississippi Code Annotated section 75-17-7 (Rev. 2016), which provides in relevant part that "[a]ll judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered."
¶ 6. We agree that all of these awards are "founded on contract" and that the statute makes the award of interest mandatory, but Keesler Federal fails to adequately brief the portion of its argument as to how the interest rate of the contract should be determined. The contracts at issue here specified a rate of interest-but on the principal only. Attorney's fees, costs, late fees, and the like were required to be paid by Saucier, but they had no interest rate specified. Thus it appears to us there is an open question as to what constitutes the "rate of the contract" as used in the statute. We are not inclined to decide what seems to be an issue of first impression when it has not been thoroughly argued; Keesler Federal just assumes that the rate of interest on the principal must govern the entire judgment. The trial court obviously disagreed, though the judge did not explain her reasons either.
¶ 7. The trial judge, however, enjoys the presumption of correctness. See Birkhead v. State , 57 So.3d 1223, 1231 (¶ 28) (Miss. 2011). As the appellant, Keesler Federal is required "to demonstrate some reversible error to [the appellate court]." Id. ; see M.R.A.P. 28(a)(6). Keesler Federal has not met that burden, and so we affirm the trial court on this point.
¶ 8. AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
IRVING, P.J., GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., GRIFFIS, P.J., BARNES AND CARLTON, JJ.